Potomac Law Group, PLLC
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, D.C. 20004
Telephone: (202) 204-3004
Fax: (202) 318-7707
www.potomaclaw.com

Direct Dial: (703) 447-4032
Email: tbergin@potomaclaw.com

August 26, 2024

Molly C. Dwyer
Clerk of Court
United States Court of Appeals
  For the Ninth Circuit
95 Seventh Street
San Francisco CA 94103-1526

Re:    Appeal No. 24-3835: *Federal Trade Commission, et al. v. Amazon.com, Inc. v. American Booksellers Assn., Inc*. ("ABA") – Supplemental Authorities

Dear Ms. Dwyer:

Pursuant to FRAP 28(j), appellant ABA submits the following supplemental authorities in further support of arguments in its Opening Brief, pp. 13-16, and Reply Brief, pp. 5-7, 11-12.

*District of Columbia v. Amazon.com, Inc*., __ A.3d __, 2024 WL 3893698 (D.C. App. Aug. 22, 2024), invoking case law under §2 of the Sherman Act, reversed dismissal of the government's claim against Amazon for maintaining its monopoly in a nationwide online retail market through anticompetitive conduct similar to that asserted by ABA here — not only by imposing "'most-favored-nation [MFN]'" agreements on third-party sellers, but also by imposing wholesale-price-rebate ("minimum margin") agreements on Amazon's wholesale suppliers, thereby imposing higher retail prices on rival online retail marketplaces such as those operated by Walmart and eBay. *See id*. at *1-2, 4-5 (Amazon "compet[es] directly against [such] online multi-seller marketplaces as well as with ... [individual] third-party sellers" on such marketplaces), at *6 (minimum margin agreements "'reduce other online marketplaces' ability to compete with Amazon'" inasmuch as such agreements cause Amazon's wholesale suppliers to "creat[e] an inflated resale price" on such rival marketplaces).

Molly C. Dwyer
August 26, 2024
Page 2 of 2

The D.C. Court of Appeals thus **(1)** rejected Amazon's "primary contention" that its challenged agreements simply "reflect Amazon's efforts to bargain for lower prices from its suppliers so it can offer lower prices to consumers" *(id*. at *5) — the same contention Amazon presses here — while **(2)** also effectively rejecting the government's assertion here that ABA's claim, focused on wholesale price terms imposed by Amazon, is somehow 'unrelated' to the government's MFN claim — instead the Court characterized such claims as "similar allegations of anticompetitive conduct" by Amazon. *Id*. at *6.

Amazon's "primary contention" here is also at odds with *Greenberg v. Amazon.com, Inc*., __ P.3d __, 2024 WL 3711070 (Aug. 8, 2024), where the Supreme Court of Washington upheld claims under Washington's Consumer Protection Act that during the Covid pandemic, Amazon reaped "'extraordinary profits'" by charging "'grossly inflated'" retail prices for products such as disinfectants, sold by Amazon itself (*id*. ¶¶3, 28-29, 36-37, 54, 58) — notwithstanding Amazon's assertion that the law permits price-gouging to "equalize supply and demand" absent adequate competition (*id*. ¶113).

                                                      Respectfully submitted,

                                                      *s/ Timothy W. Bergin*

                                                      Timothy W. Bergin, Esq.
                                                      Potomac Law Group, PLLC

                                                         Counsel for Appellant,
                                              American Booksellers Assn., Inc.

cc:  All Counsel of Record