**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FEDERAL TRADE COMMISSION; STATE OF NEW YORK; STATE OF CONNECTICUT; STATE OF PENNSYLVANIA; STATE OF DELAWARE; STATE OF MAINE; STATE OF MARYLAND; STATE OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF OKLAHOMA; STATE OF OREGON; STATE OF RHODE ISLAND; STATE OF WISCONSIN; STATE OF VERMONT; COMMONWEALTH OF PUERTO RICO,<br><br>        Plaintiffs - Appellees,<br><br> v.<br><br>AMAZON.COM, INC.,<br><br>        Defendant - Appellee, | No. 24-3835<br><br>D.C. No. 2:23-cv-01495-JHC<br><br>MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

> v.
>
> AMERICAN BOOKSELLERS
> ASSOCIATION, INC., Proposed
> Intervenor,
>
> 　　　　Movant - Appellant.

Appeal from the United States District Court
for the Western District of Washington
John H. Chun, District Judge, Presiding

Submitted December 2, 2024[**]
San Francisco, California

Before: BENNETT, BRESS, and FORREST, Circuit Judges.
Partial Concurrence by Judge BENNETT.

　　Appellant American Booksellers Association ("ABA") appeals the district court's denial of its motion to intervene in an antitrust case that the Federal Trade Commission and nineteen states (collectively, "FTC") have brought against Amazon. FTC and Amazon both oppose ABA's intervention. We have jurisdiction under 28 U.S.C. § 1291. We affirm the district court's denial of ABA's motion to intervene of right, and we dismiss ABA's appeal of the district court's denial of permissive intervention.

---

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1. Federal Rule of Civil Procedure 24(a) provides in pertinent part that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." In order to intervene as of right, ABA must thus show, *inter alia*, that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; [and] (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." *United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002). We "review a district court's denial of a motion for intervention as of right de novo, except that we review questions of timeliness for abuse of discretion." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998).

ABA does not have a significant protectable interest in the FTC's litigation against Amazon because ABA's claim involves different alleged anti-competitive conduct in different markets. The FTC alleges that Amazon uses its monopoly power in the online superstore and online marketplace services market to offer items at prices that are artificially high, by improperly depriving rivals of ways to offer lower prices. ABA, by contrast, alleges that Amazon is using its market power as a buyer to secure discriminatorily preferential wholesale prices in the market for

books. Because ABA's claims involve different alleged anti-competitive conduct in different markets, ABA will also not be prejudiced by the resolution of the FTC's suit since ABA can bring its own action against Amazon and obtain relief through that process.¹

2. Federal Rule of Civil Procedure 24(b)(1) provides in pertinent part that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) provides that "[i]n exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." We review the district court's denial of permissive intervention for abuse of discretion. *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009). For the reasons already explained, ABA's claim does not share common questions of law or fact with the FTC's action because it involves different alleged

---

¹ We respectfully disagree with our concurring colleague's position that ABA is raising the same theory of anticompetitive conduct as the FTC. The concurrence views the issue at too high a level of generality. Because Amazon is one company, and a big one at that, its actions in the consumer market may be interrelated to its actions in the wholesale market. But when evaluating intervention under Rule 24, this interconnectedness does not turn two distinct theories of anti-competitive behavior into the same theory. *See Donnelly*, 159 F.3d at 409 (explaining that under Rule 24, "[i]t is not enough that both groups assert discrimination claims against the same defendant"). In fact, ABA's theory is different from the FTC's. ABA is alleging that Amazon uses its power to obtain wholesale discounts and undercut ABA members, whereas the FTC's suit is premised on the idea that Amazon sells its goods at unfairly high prices.

anti-competitive conduct in different markets. *Cf. Donnelly*, 159 F.3d at 412. Because the district court did not abuse its discretion, we dismiss the portion of ABA's appeal seeking permissive intervention. *See League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1308 (9th Cir. 1997).

The parties shall bear their own costs on appeal.

**AFFIRMED IN PART; DISMISSED IN PART.**



FILED

DEC 4 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Federal Trade Commission, et al. v. Amazon.com, Inc.*, No. 24-3835

BENNETT, Circuit Judge, concurring in part and concurring in the judgment:

I agree with the majority that the district court did not abuse its discretion in denying the ABA's motion for permissive intervention under Federal Rule of Civil Procedure 24(b)(1). I also agree with the majority that the ABA and the FTC offer different market definitions. Thus, under Federal Rule of Civil Procedure 24(a), the ABA does not have a significant protectable interest and would not be impeded in its ability to bring suit. But I respectfully disagree with the majority that the ABA's claims "involve different alleged anti-competitive conduct," Maj. at 2, because, in my view, the FTC alleges that Amazon wields its alleged monopsonistic power on the supplier side of its platform to strengthen its alleged monopoly on the sales side of its platform. These allegations mirror the alleged anticompetitive conduct alleged by the ABA.

The FTC's complaint alleges that Amazon tries to maintain its monopoly over direct-to-consumer sales by stifling competition from other retailers. One way the FTC alleges this is done is by preventing sellers from selling products to other retailers or on other sites at prices lower than what are offered on Amazon. The FTC alleges that:

> In an open, competitive environment, rival online superstores could attract more business by offering shoppers lower prices, and rival online marketplaces could attract sellers by charging them lower fees, allowing sellers to pass those savings on to shoppers via lower prices.

1

> Amazon suppresses this price competition by wielding its monopoly power to prevent sellers and retailers from offering lower prices off Amazon.

This in turn "further allow[s] Amazon to accelerate and expand its dominance" of the direct-to-consumer market because "Amazon suppresses meaningful competition on price and product selection" such that "shoppers lack viable alternatives, further forcing sellers to submit to Amazon's exclusionary tactics to reach those customers."

> This is analogous to the conduct that the ABA alleges. The ABA alleges that:
>
> Amazon has stifled such competition by ABA members by exercising its monopoly power to coerce publishers to accede to its demands for substantial and unjustified price discrimination, enabling Amazon to sell books to retail customers at prices that ABA members cannot match except by forgoing a sustainable margin, or incurring a loss, given the higher wholesale prices concurrently paid by ABA members for the same books.

"Amazon's alleged monopoly power vis-à-vis consumers in the alleged online superstores market makes Amazon an essential marketing gateway for, and gives it power to exclude, third-party wholesalers and retailers seeking access to such consumers."

The majority declines to adopt this view because the FTC's complaint focuses on anticompetitive effects within the direct-to-consumer market. But that does not mean that Amazon does not use its alleged dominance on the purchasing side of its platform to protect its alleged monopoly on the sales side of its platform. Prior

2

Supreme Court cases and economic papers instruct us to examine the behavior on both sides of an alleged platform monopolist, like Amazon. *See, e.g.*, *Ohio v. Am. Express Co.*, 585 U.S. 529, 544–48 (2018) (considering "both sides of the platform" when defining the relevant market for a two-sided platform monopolist); Herbert Hovenkamp, *Antitrust and Platform Monopoly*, 130 YALE L.J. 1952, 1962 (2021) ("For *both* indirect and direct methodologies, power assessment on two-sided platforms requires considering the reactions that occur on the opposite side. One cannot avoid the need to consider the other side simply by defining a relevant market." (footnote omitted)); Jean-Charles Rochet & Jean Tirole, *Platform Competition in Two-Sided Markets*, 1 J. EUR. ECON. ASS'N 990, 1017–20 (2003).

The FTC specifically alleges one instance in the wholesale market in which Amazon uses its monopsonistic power over sellers to protect its monopoly over direct-to-consumer sales:

> In 2019, Amazon punished an [Amazon's Standards for Brands (ASB)] seller because another online retailer with which the ASB seller had a vendor relationship set a price for the ASB seller's product that was lower than the seller's price on Amazon. After Amazon contacted the ASB seller, the seller told Amazon that they would act within days to "fix the prices at the other Retailers" by directing their "wholesale team" to make sure that all their online prices were at least as high as their Amazon prices.

This is the same theory of anticompetitive harm alleged by the ABA.

As discussed above, the FTC's complaint alleges that Amazon erects Amazon-created barriers to entry, to protect its direct-to-consumer monopoly, that include the

3

monopsonistic behavior alleged by the ABA. I would therefore find that the parties have *not* presented different theories of anticompetitive behavior.